## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

PENNSYLVANIA FAMILY INSTITUTE, )
INC., JEFFREY J. REICH, HOWARD F. )
KNISELY, DONALD R. TOTARO, )
MARGARET C. MILLER, JEFFERY D. )
WRIGHT, and CHRISTOPHER A. )
HACKMAN, )
                                    )
       Plaintiffs, )
                          **April 26, 2007** )
v. )         Civil Action No._____
                                      )
JOHN R. CELLUCI, in his official capacity as )
a Member of the Pennsylvania Judicial )
Conduct Board; CHARLES A. CLEMENT, )
JR., in his official capacity as a Member of the )
Pennsylvania Judicial Conduct Board; )      **VERIFIED COMPLAINT**
PATRICK JUDGE, in his official capacity as a )    **FOR INJUNCTIVE AND**
Member of the Pennsylvania Judicial Conduct )   **DECLARATORY**
Board; CHARLES J. CUNNINGHAM, in his )       **RELIEF**
official capacity as a Member of the )
Pennsylvania Judicial Conduct Board; )
CHARLENE R. MCABEE, in her official )
capacity as a Member of the Pennsylvania )
Judicial Conduct Board; JACK A. )
PANNELLA, in his official capacity as a )
Member of the Pennsylvania Judicial Conduct )
Board; CAROLYN W. "RAVEN" )
RUDNITSKY, in her official capacity as a )
Member of the Pennsylvania Judicial Conduct )
Board; G. CRAIG LORD, in his official )
capacity as a Member of the Pennsylvania )
Judicial Conduct Board; CECILIA GRIFFEN )
GOLDEN, in her official capacity as a Member )

of the Pennsylvania Judicial Conduct Board; )
EDWARD R. KLETT, in his official capacity )
as a Member of the Pennsylvania Judicial )
Conduct Board; CYNTHIA N. MCCORMICK, )
in her official capacity as a Member of the )
Pennsylvania Judicial Conduct Board; JAMES )
R. WEAVER, in his official capacity as a )
Member of the Pennsylvania Judicial Conduct )
Board; PAUL J. KILLION, in his official )
capacity as Chief Disciplinary Counsel of the )
Pennsylvania Office of Disciplinary Counsel, )
PAUL J. BURGOYNE, in his official capacity )
as Deputy Chief Disciplinary Counsel of the )
Pennsylvania Office of Disciplinary Counsel; )
ANTHONY P. SODROSKI, in his official )
capacity as Disciplinary Counsel in Charge )
of the District I Office of the Pennsylvania )
Office of Disciplinary Counsel; RAYMOND W. )
WIERCISZEWSKI, in his official capacity as )
Disciplinary Counsel in Charge of the )
District II Office of the Pennsylvania Office of )
Disciplinary Counsel; EDWIN W. FRESE, JR., )
in his official capacity as Disciplinary Counsel )
in Charge of the District III Office of the )
Pennsylvania Office of Disciplinary Counsel; )
and ANGELEA ALLEN MITAS, in her official )
capacity as Disciplinary Counsel in Charge of )
the District IV Office of the Pennsylvania )
Office of Disciplinary Counsel, )
                                             )
                                             )
        Defendants.                          )

---

# VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

**COMES NOW** Plaintiffs Pennsylvania Family Institute, Inc. ("PFI"), Jeffrey J. Reich, Howard F. Knisely, Donald R. Totaro, Margaret C. Miller, Jeffery D. Wright, and Christopher A. Hackman and, for their Complaint against the Defendants, state the following:

**INTRODUCTION**

**1.** This is a civil action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States. It concerns the constitutionality of portions of the Pennsylvania Judicial Canon 7B(1)(c).

**2.** Plaintiffs challenge the "pledges and promises clause" of Canon 7B(1)(c), which prohibits judicial candidates from "mak[ing] *pledges or promises* of conduct in office other than the faithful and impartial performance of the duties of the office," as well as Canon 7B(1)(c)'s "commits clause," which prohibits judicial candidates from "mak[ing] statements that *commit or appear to commit* the candidate with respect to cases, controversies or issues that are likely to come before the court . . . ." (emphasis added).

**3.** The pledges and promises clause and commits clause, both on their face and as applied to PFI's 2007 Judicial Candidate Questionnaire ("PFI Questionnaire") and the Lancaster County ACTION 2007 Issues Survey ("ACTION Questionnaire") are unconstitutional in that they infringe upon constitutionally protected free speech and association. The pledges and promises clause and commits clause chill judicial candidates' free speech, are overbroad and vague, and prohibit judicial candidates from announcing their views on disputed legal and political issues, such as by answering the questions on the PFI Questionnaire and ACTION Questionnaire. As a consequence, the pledges and promises clause and commits clause also inhibit PFI from receiving judicial candidates' responses to the questions and from publishing any substantive responses for fear of exposing responsive candidates to discipline, to this degree prohibiting PFI

and other interested citizens from receiving and publishing candidates' political speech and prohibiting PFI from exercising its freedom of speech.

## Jurisdiction and Venue

4.  This action arises under Section 1 of the Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the Constitution of the United States.

5.  The jurisdiction of this Court over the claims arising under 42 U.S.C. § 1983 is founded upon 28 U.S.C. § 1343(a). The jurisdiction over the claims arising under the First and Fourteenth Amendments is founded upon 28 U.S.C. §§ 1331 and 1343(a).

6.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## Parties

7.  Plaintiff PFI is a non-profit corporation incorporated in the Commonwealth of Pennsylvania. PFI is not associated with any political candidate, political party, or campaign committee. PFI headquarters are located in the City of Harrisburg in Dauphin County. The Articles of Incorporation and By-Laws of PFI are attached as Exhibits 1 and 2 respectively. Plaintiff PFI would like to use its questionnaire for the 2007 judicial election and subsequent elections to gather and publish judicial candidates' views on legal and political issues.

8.  Plaintiff Jeffrey J. Reich is a resident of Lancaster County, Pennsylvania, and is a candidate for judicial office in Lancaster County in the 2007 judicial elections.

**9.** Plaintiff Howard F. Knisely is a resident of Lancaster County, Pennsylvania, and is a candidate for judicial office in Lancaster County in the 2007 judicial elections.

**10.** Plaintiff Donald R. Totaro is a resident of Lancaster County, Pennsylvania, and is a candidate for judicial office in Lancaster County in the 2007 judicial elections.

**11.** Plaintiff Margaret C. Miller is a resident of Lancaster County, Pennsylvania, and is a candidate for judicial office in Lancaster County in the 2007 judicial elections.

**12.** Plaintiff Jeffery D. Wright is a resident of Lancaster County, Pennsylvania, and is a candidate for judicial office in Lancaster County in the 2007 judicial elections.

**13.** Plaintiff Christopher A. Hackman is a resident of Lancaster County, Pennsylvania, and is a candidate for judicial office in Lancaster County in the 2007 judicial elections.

**14.** The Defendants are the members of the Pennsylvania Judicial Conduct Board, sued in their official capacity: John R. Celluci, III, Charles A. Clement, Charles J. Cunningham, Patrick Judge, G. Craig Lord, Charlene R. McAbee, Jack A. Panella, Carolyn W. "Raven" Rudnitsky, Cecilia Griffen Golden, Edward R. Klett, James R. Weaver, and Cynthia N. McCormick. The Pennsylvania Constitution, Article V, § 18, establishes the Board and empowers the Board to receive and investigate complaints regarding judicial conduct filed by individuals or initiated by the Board, to determine whether probable cause exists to file formal charges against a judicial officer, and to present its case in support of the filed charges before the Pennsylvania Court of Judicial Discipline.

15.    Also as Defendants are the Disciplinary Counsel of the Pennsylvania Office of Disciplinary Counsel sued in their official capacity: Chief Disciplinary Counsel Paul J. Killion, Deputy Chief Disciplinary Counsel Paul J. Burgoyne, District I Office Disciplinary Counsel in Charge Anthony P. Sodroski, District II Office Disciplinary Counsel in Charge Raymond W. Wierciszewski, District III Office Disciplinary Counsel in Charge Edwin W. Frese, Jr., and District IV Office Disciplinary Counsel in Charge Angelea Allen Mitas. Pennsylvania Rule of Professional Conduct 8.2(c) provides that a "lawyer who is a candidate for judicial office shall comply with the applicable provisions of Canon 7 of the Code of Judicial Conduct." Pennsylvania Rule of Disciplinary Enforcement 207(b) provides that Disciplinary Counsel "shall have the power and duty" to act, in effect, as prosecutors in any matter involving alleged violation of the Code of Professional Conduct. Rule 102(a) defines "Disciplinary Counsel" as the "Chief Disciplinary Counsel and assistant disciplinary counsel."

## Facts

16.    Pennsylvania state court judges are selected through a process of partisan judicial elections. Regulation of judicial conduct, as well as the conduct of candidates for judicial office, is governed by the Pennsylvania Code of Judicial Conduct ("the Canons").

17.    Jeffrey J. Reich, Howard F. Knisely, Donald R. Totaro, Margaret C. Miller, Jeffery D. Wright, and Christopher A. Hackman (collectively "the Candidate Plaintiffs") are all candidates for the Court of Common Pleas in Lancaster County, Pennsylvania, in the 2007 judicial elections.

18.     The Candidate Plaintiffs received from Lancaster County ACTION a 2007 Issues Survey ("ACTION Questionnaire") asking them to announce their views on several disputed legal and political issues. *See* ACTION Questionnaire, attached as Exhibit 3. Responses to the ACTION Questionnaire were due by April 9, 2007.

19.     By letter dated April 6, 2007, the Candidate Plaintiffs stated that "[a]ll of us, the Endorsed Republican Judicial candidates, pledge that, if elected, we will faithfully and impartially perform the duties of that office. Beyond that, Canon 7B(1)(c) of the Code of Judicial Conduct prohibits us from commenting on or making statements which appear to commit us with respect to the issues addressed in these questions." *See* Candidate Response to ACTION Questionnaire, attached as Exhibit 4.

20.     On April 12, 2007, Plaintiff Donald R. Totaro sent a letter to the Judicial Ethics Committee of the Pennsylvania Conference of State Trial Judges, asking whether he was prohibited by Canon 7(B)(1)(c) from answering the ACTION Questionnaire. In correspondence dated April 13, 2007, the Judicial Ethics Committee responded that it was not authorized to advise whether judicial candidates could respond.

21.     PFI, among other things, gathers information and publishes questionnaires to educate citizens about candidates for public office. During the 2005 judicial elections, PFI brought suit challenging the constitutionality of several provisions of the Canons on First Amendment grounds. On November 4, 2005, PFI's challenge was dismissed on standing grounds. *Pennsylvania Family Institute v. Black*, 2005 WL 2931825 (M.D. Pa. Nov. 4, 2005). The case is currently on appeal in the Third Circuit.

22.     On April 3, 2007, PFI mailed an explanatory cover letter and a "2007 Pennsylvania Family Institute Judicial Candidate Questionnaire" to all candidates for

judicial office in the Pennsylvania 2007 judicial elections. *See* Cover Letter and PFI Questionnaire, attached as Exhibits 5 and 6 respectively. In this letter, PFI explained that responses to the PFI Questionnaire were due by April 20, 2007.

**23.**     The Candidate Plaintiffs received copies of the PFI Questionnaire. They did not respond to the PFI Questionnaire, however, because they believed answering some of the questions on the PFI Questionnaire would violate Canon 7B(1)(c).

**24.**     PFI received twenty-one responses from judicial candidates. *See* Responses to PFI Questionnaire, attached as Exhibit 7. Two candidates responded by letter. One indicated that "[i]t is because I believe that doing so would violate the Pennsylvania Code of Judicial Conduct, or its spirit, that I feel compelled to decline to answer this questionnaire." Exhibit 7, at 2. The other stated that "as a sitting judge and a candidate . . . I feel it would be inappropriate for me to opine on many of the specifics about which you ask." Exhibit 7, at 4.

**25.**     Of the nineteen candidates who filled out questionnaire forms, eighteen answered question 1, which asked candidates to indicate "[w]hich of the former U.S. Presidents best represents your political philosophy?" Exhibit 6, at 2. These candidates circled the answer option "Decline to Respond Because of Judicial Canons," which contained the explanation that:

> By circling this phrase, I hereby attest that I would have replied to this question but for the prospect that I may be disciplined for announcing my views under Canon 7(B)(1)(c) of the Pennsylvania Code of Judicial Conduct, which states that judicial candidates may not "make pledges or promises of conduct in office" or "make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court," and that I may be disciplined for failure to disqualify myself as a judge in any proceeding concerning the issue raise in the question under Canon 3(C)(1), which states that judges

must disqualify when their "impartiality might reasonably be questioned." I further attest that responding to this question would neither cause me to be biased for or against parties nor affect my ability to be open-minded with regard to any issue.

Exhibit 6, at 2. Plaintiffs do not believe, based on its responses and the plain language of the Canons, that judicial candidates are prohibited by Canon 7B(1)(c) from answering question 1.

26. Two candidates declined to answer question 2, which asked candidates to indicate "[w]hich one of the current Justices of the U.S. Supreme Court most reflects your judicial Philosophy?" Exhibit 6, at 2. These candidates circled the answer option "Decline to Respond Because of Judicial Canons," which contained the explanation given in paragraph 25. Plaintiffs do not believe, based on its responses and the plain language of the Canons, that judicial candidates are prohibited by Canon 7B(1)(c) from answering question 2.

27. Three candidates declined to answer question 3, which asked candidates to "[r]ate your judicial philosophy on a scale of 1-10 with 'living document' approach as a '1' and 'strict constructionalist' or 'originalist' as a '10.'" Exhibit 6, at 3. These candidates circled the answer option "Decline to Respond Because of Judicial Canons," which contained the explanation given in paragraph 25. Plaintiffs do not believe, based on its responses and the plain language of the Canons, that judicial candidates are prohibited by Canon 7B(1)(c) from answering question 3.

28. One candidate declined to answer question 4, which asked candidates to "list the five organizations in which you are most involved as a member, through contributions, and/or through volunteering." Exhibit 6, at 3. This candidate circled the

answer option "Decline to Respond Because of Judicial Canons," which contained the explanation given in paragraph 25. Plaintiffs do not believe, based on its responses and the plain language of the Canons, that judicial candidates are prohibited by Canon 7B(1)(c) from answering question 4.

29.     Seven candidates declined to answer question 5, which asked candidates to announce their views by indicating whether they thought *Roe v. Wade*, 410 U.S. 113 (1973) was correctly decided. Exhibit 6, at 3. These candidates circled the answer option "Decline to Respond Because of Judicial Canons," which contained the explanation given in paragraph 25. One candidate did answer this question. However, PFI will not publish his response, for fear that he will be disciplined under the canons.

30.     In addition, the Candidate Plaintiffs would have answered question 5 on the PFI Questionnaire but for the belief that they were prohibited from doing so by Canon 7B(1)(c).

31.     Six candidates declined to answer question 6, which asked candidates to announce their views by indicating whether they believed that the Pennsylvania Constitution permits display of the Ten Commandments in courtrooms?" Exhibit 6, at 4. These candidates circled the answer option "Decline to Respond Because of Judicial Canons," which contained the explanation given in paragraph 25. Two candidates did answer this question. However, PFI will not publish their responses, for fear that they will be disciplined under the canons.

32.     In addition, the Candidate Plaintiffs would have answered question 6 on the PFI Questionnaire but for the belief that they were prohibited from doing so by Canon 7B(1)(c).

**33.** Six candidates declined to answer question 7, which asked candidates to announce their views by indicating whether they believed "that the Pennsylvania Constitution recognizes a right to same-sex marriage?" These candidates circled the answer option "Decline to Respond Because of Judicial Canons," which contained the explanation given in paragraph 25. Exhibit 6, at 4. Two candidates did answer this question. However, PFI will not publish their responses, for fear that they will be disciplined under the canons.

**34.** In addition, the Candidate Plaintiffs would have answered question 7 on the PFI Questionnaire but for the belief that they were prohibited from doing so by Canon 7B(1)(c).

**35.** Six candidates declined to answer question 8, which asked candidates to announce their views by indicating whether they believed "that the Pennsylvania Constitution permits student-led graduation prayers in public schools?" Exhibit 6, at 4. These candidates circled the answer option "Decline to Respond Because of Judicial Canons," which contained the explanation given in paragraph 25. Two candidates did answer this question. However, PFI will not publish their responses, for fear that they will be disciplined under the canons.

**36.** In addition, the Candidate Plaintiffs would have answered question 8 on the PFI Questionnaire but for the belief that they were prohibited from doing so by Canon 7B(1)(c).

**37.** PFI wants to publish information on the views of judicial candidates on legal and political issues in order to educate and inform citizens. PFI intended to publish responses to the PFI Questionnaire of judicial candidates before the May 15, 2007,

primary election and the November 8, 2007, general and retention election. In addition, PFI intended to publish on its web site the responses of future judicial candidates to identical questionnaires to be sent to judicial candidates in future elections.

**38.** However, the pledges and promises clause and commits clause, both on their face and as applied to the ACTION Questionnaire and the PFI Questionnaire, chill judicial candidates' exercise of their free speech rights and free association. Judicial candidates are unable to make their views known so that the electorate may intelligently evaluate the candidates' personal qualities and their positions on vital public issues before choosing among them on election day. *Buckley v. Valeo*, 424 U.S. 1, 52-53 (1976). Judicial candidates cannot tell the public their views on disputed political and legal issues. *Republican Party of Minnesota v. White*, 536 U.S. 765, 788 (2002). By prohibiting judicial candidates from exercising their freedom of speech on legal and political issues of concern to the voters, the pledges and promises clause and commits clause require judicial candidates to withhold essential or important information from the voters as they seek to educate voters and participate fully in democracy.

**39.** As a result of the pledges and promises clause and commits clause, although PFI would like to publish and distribute the answers to questions 5, 6, 7, and 8 of the PFI Questionnaire, PFI is now unable to fully exercise their free speech and association rights to receive and publish political information, since the judicial candidates must refuse to answer the questions in the PFI Questionnaire. Further, if PFI publishes the substantive responses it has received to questions 5, 6, 7, and 8, it fears it will expose responsive judicial candidates to discipline.

40.     In addition, the Candidate Plaintiffs, as judicial candidates, are unable to exercise their freedom of speech and right of association because Canons 7B(1)(c)'s pledges and promises clause and commits clause require judicial candidates to withhold essential or important information from voters. The Candidate Plaintiffs would like to express their views on various disputed legal and political issues, including by answering the PFI Questionnaire and the ACTION Questionnaire, but will not do so because they fear discipline under the canons. The Candidate Plaintiffs do not wish to pledge or promise certain results in particular cases or classes or types of cases, but merely wish to announce their views on disputed legal and political issues. Answering the PFI Questionnaire and ACTION Questionnaire and announcing their views on disputed legal and political issues would not cause the Candidate Plaintiffs to be biased for or against any party and would not prevent them from remaining open-minded on any issue raised in the PFI Questionnaire or ACTION Questionnaire.

41.     Immediate and irreparable injury, loss, and damage has occurred and will continue to occur as a result of the application of the pledges and promises clauses and the commits clauses of Judicial Canon 7B(1)(c) to responses to the ACTION Questionnaire or PFI Questionnaire, or to other announcements of views by judicial candidates, which chill Plaintiffs' free speech and free association rights.

42.     Plaintiffs have no adequate remedy at law.

## COUNT I

**CANON 7B(1)(c)'S "PLEDGES AND PROMISES" CLAUSE AND "COMMITS" CLAUSE ARE, ON THEIR FACE, UNCONSTITUTIONALLY VAGUE AND OVERBROAD, PROHIBITING AND CHILLING JUDICIAL CANDIDATES' PROTECTED POLITICAL SPEECH AND IMPINGING ON PLAINTIFFS' FREEDOM OF SPEECH AND ASSOCIATION.**

**43.** Plaintiffs realledge the preceding paragraphs.

**44.** Canon 7B(1)(c)'s "pledges and promises clause," prohibits judicial candidates from "mak[ing] *pledges or promises* of conduct in office other than the faithful and impartial performance of the duties of the office." (emphasis added). Canon 7B(1)(c)'s "commits clause" prohibits judicial candidates from "mak[ing] statements that *commit or appear to commit* the candidate with respect to cases, controversies or issues that are likely to come before the court . . . ." (emphasis added).

**45.** A "statute or regulation must fail for vagueness if it 'forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning.'" *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 225 (3d Cir. 2004) (*quoting Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)).

**46.** The pledges and promises clause and commits clause are not adequately defined in Canon 7B(1)(c), since judicial candidates, including the Candidate Plaintiffs, who wish to engage in constitutionally protected speech by announcing their views on disputed political and legal issues believe that these clauses prevent them from making such announcements. *See* Exhibit 7. Likewise, PFI fears that judicial candidates who have answered questions 5, 6, 7, and 8 of the PFI Questionnaire will be subject to discipline for announcing their views and has refrained from publishing their responses

as a consequence. As such, the pledges and promises clause and commits clause chill speech and are vague, unconstitutional regulations of protected political speech under the First and Fourteenth Amendments.

47.     An overbroad law is to be facially invalidated if the burden it places on protected speech "is not only real, but 'substantial as well, judged in relation to the statute's plainly legitimate sweep.'" *ACLU v. Ashcroft*, 322 F.3d 240, 266 (3d Cir. 2003) (*quoting Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973)); *North Dakota Family Alliance v. Bader*, 361 F. Supp.2d 1021, 1038 (D. N.D. 2005).

48.     The pledges and promises clause and commits clause prohibit judicial candidates from announcing their views on disputed legal and political issues, deterring judicial candidates such as the Candidate Plaintiffs from announcing their views and deterring PFI from publishing any answers judicial candidates have given announcing their views. Thus, the pledges and promises clause and commits clause are overbroad, unconstitutional regulations of protected political speech under the First and Fourteenth Amendments. *See White,* 536 U.S. at788.

## COUNT II

**CANON 7B(1)(c)'S "PLEDGES AND PROMISES" CLAUSE AND "COMMITS" CLAUSE, AS APPLIED TO THE ACTION QUESTIONNAIRE AND THE PFI QUESTIONNAIRE, UNCONSTITUTIONALLY PROHIBIT AND CHILL JUDICIAL CANDIDATES' PROTECTED POLITICAL SPEECH AND PLAINTIFFS' FREEDOM OF SPEECH AND ASSOCIATION.**

49.     Plaintiffs reallege the preceding paragraphs.

50.     Canon 7B(1)(c)'s "pledges and promises clause" prohibits judicial candidates from "mak[ing] *pledges or promises* of conduct in office other than the

faithful and impartial performance of the duties of the office." (emphasis added). Canon 7B(1)(c)'s "commits clause" prohibits judicial candidates from "mak[ing] statements that *commit or appear to commit* the candidate with respect to cases, controversies or issues that are likely to come before the court . . . ." (emphasis added).

51.     The PFI Questionnaire asks judicial candidates to announce their views on disputed political and legal issues. Such announcements are protected political speech under *White,* 536 U.S. at 788.

52.     The ACTION Questionnaire asks judicial candidates to announce their views on disputed political and legal issues. Such announcements are protected political speech under *White,* 536 U.S. at 788.

53.     The Candidate Plaintiffs would all like to answer the questions on the PFI Questionnaire and ACTION Questionnaire, and would like to announce their views on disputed legal and political issues. However, they have not done so and will not do so because they believe doing so is prohibited by Canon 7B(1)(c).

54.     The Candidate Plaintiffs do not wish to pledge or promise certain results in particular cases or classes or types of cases, but merely wish to announce their views on disputed legal and political issues. Answering the PFI Questionnaire and ACTION Questionnaire and announcing their views on disputed legal and political issues would not cause these candidates to be biased for or against any party and each candidate would remain open-minded on any issue raised in the PFI Questionnaire or ACTION Questionnaire. As such, the Candidate Plaintiffs' free speech and free association rights have been violated.

**55.** Canon 7B(1)(c)'s "pledges and promises" clauses and "commits" clauses, as applied to the ACTION Questionnaire and the PFI Questionnaire, prohibit judicial candidates from announcing their views on disputed legal and political issues, and thus constitute an unconstitutionally application of rules governing judicial political campaign speech and association, *see Buckley v. Illinois Judicial Inquiry Bd.*, 997 F.2d 224, 231 (7th Cir. 1993), and are in direct violation of *White*, 536 U.S. at 788.

**56.** Further, judicial candidates fear that Canon 7B(1)(c), as applied to the ACTION Questionnaire and the PFI Questionnaire, prohibit them from responding to the PFI Questionnaire and the ACTION Questionnaire. Likewise, PFI fears that the judicial candidate who answered questions 5, 6, 7, and 8 of the PFI Questionnaire may be exposed to disciplinary proceedings for violation of this Canon, even though the PFI Questionnaire only asks judicial candidates to announce their views on disputed legal and political issues. As a consequence, the "pledges and promises" clauses and "commits" clauses of Canon 7B(1)(c), as applied to ACTION Questionnaire and the PFI Questionnaire, constitute unconstitutional regulations of protected political speech and association, in violation of the First and Fourteenth Amendments of the United States Constitution.

## PRAYER FOR RELIEF

**57.** Plaintiffs realleges the previous paragraphs.

**WHEREFORE,** Plaintiffs request this Court to:

**(1)** Declare Pennsylvania Judicial Canon 7B(1)(c)'s pledges and promises clause and commits clause unconstitutionally vague and overbroad in violation of the First and Fourteenth Amendments to the United States Constitution;

**(2)** Declare Pennsylvania Judicial Canon 7B(1)(c)'s pledges and promises clause and commits clause unconstitutionally chilling and prohibiting Plaintiffs' rights to receive and publish speech under the First and Fourteenth Amendments to the United States Constitution;

**(3)** Declare Pennsylvania Judicial Canon 7B(1)(c)'s pledges and promises clause and commits clause unconstitutional as applied to the PFI Questionnaire and ACTION Questionnaire on the grounds that they chill and prohibit Plaintiffs' rights to receive and publish speech under the First and Fourteenth Amendments to the United States Constitution and are vague and overbroad in violation of Plaintiffs' rights to receive and publish speech under the First and Fourteenth Amendments to the United States Constitution;

**(4)** Prohibit, by way of temporary restraining order, as well as preliminary and permanent injunction, the Defendants, their agents, and successors from enforcing Pennsylvania Judicial Canon 7B(1)(c)'s pledges and promises clause and commits clause, and from filing or considering complaints based on these provisions against judicial candidates who respond to the PFI Questionnaire and the ACTION Questionnaire, and all others similarly situated;

**(5)** Grant Plaintiffs' costs and attorney's fees pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

**(6)** Grant Plaintiffs such other relief as may be just and equitable.

Dated: April 26, 2007

Respectfully submitted,

James Bopp, Jr.*, Ind. #2838-84
Anita Y. Woudenberg*, Ind. #25162-64
Josiah Neeley*, Tex. #24046514
BOPP, COLESON & BOSTROM
1 South 6th Street
Terre Haute, IN 47807
Ph: (812) 232-2434
Fx: (812) 235-3685
*Lead Counsel for the Plaintiffs*
*Pro Hac Vice Application filed April
26, 2007*

Randall Wenger, Pa. #86537
CLYMER & MUSSER, P.C.
408 W. Chestnut Lane
Lancaster, PA 17603
Ph.: (717) 299-7101
Fx.: (717) 299-5115
*Local Counsel for Plaintiffs*

# VERIFICATION

**I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME AND MY ORGANIZATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.**

Dated: April 25, 2007

Michael Geer
Executive Director
PENNSYLVANIA FAMILY INSTITUTE
23 N. Front St.
Harrisburg, PA 17101-1606
Phone: (717) 545-0600
Fax: (717) 545-8107

# VERIFICATION

**I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.**

Dated: April 26, 2007

Jeffrey J. Reich

# VERIFICATION

**I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME AND MY ORGANIZATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.**

Dated: April 25, 2007

Howard F. Knisely

**VERIFICATION**

**I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME AND MY ORGANIZATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.**

Dated: April 25, 2007

Donald R. Totaro

## VERIFICATION

**I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME AND MY ORGANIZATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.**


Dated: April 25, 2007

Margaret C. Miller

# VERIFICATION

I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME AND MY ORGANIZATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.

Dated: April 25, 2007

Jeffery D. Wright

**VERIFICATION**

**I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME AND MY ORGANIZATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.**

Dated: April 25, 2007

Christopher A. Hackman