# ATTACHMENT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA FAMILY INSTITUTE, *et al.* | : |
| : | CIVIL ACTION |
| *Plaintiffs* | : |
| vs. | : NO.:07-1707 |
| : | |
| JOHN R. CELLUCI, *et al.*, | : |
| : | |
| *Defendants* | : |

## AFFIDAVIT

I, JOSEPH A. MASSA, JR, do hereby swear to the truth of the following:

1. I am Chief Counsel for the Judicial Conduct Board of Pennsylvania. Part of my responsibility is to supervise and approve investigation of judicial conduct complaints.

2. I am familiar with the United States Supreme Court's decision in <u>Republican Party of Minnesota v. White</u>, 536 US 765 (2002) and factor it into my analysis and interpretation of the Judicial Canon concerning candidate speech, specifically Pennsylvania Code of Judicial Conduct, Canon 7B(1)(c).

3. None of the Questionnaires referenced in the above captioned federal court Complaint, and sent to judicial candidates, ask candidates to pledge, promise, or commit as I interpret the Canon which prohibits pledges, promises, or commitments, specifically Pennsylvania Code of Judicial Conduct, Canon 7B(1)(c).

4. I interpret the pledge, promise, or commit canon to mean that a candidate is prohibited from pledging, promising, or committing to decide an issue or a case in a particular way once elected judge.

5. Any speech by a judicial candidate, short of a pledge, promise, or commitment to adjudicate a particular result, is speech permitted by the canon and by the First Amendment.

6. **None of the Plaintiff candidates' answers to PFI's Questionnaire are pledges, promises or commitments in any sense, and none violate Canon 7B(1)(c).**

7. I am aware of at least eleven (11) judicial candidates who have fully and completely answered the Questionnaire referenced in the above-captioned Complaint. None have had a judicial conduct complaint filed against them, nor has any judicial inquiry or

investigation been done nor is any planned. In my opinion, these candidates' responses do not violate the judicial canons.

8. To my knowledge, no complaint has ever been filed against any judicial candidate for announcing views on any issue; and no inquiry or investigation has been conducted concerning such.

9. To my knowledge, no complaint has ever been filed against any judicial candidate for pledging, promising or committing as to any issue; and no inquiry or investigation has been conducted concerning such.

10. By way of example only, I state that candidate statements such as the following are permitted by the judicial canons, if the candidate chooses to make such statements: "I do not favor capital punishment; I do not favor abortions; I do not favor same sex marriages; I think violent crime deserves jail time; I favor prayer in public schools."

11. By way of example only, I state that candidate statements such as the following are prohibited by the judicial canons, if the candidate chooses to make such statements: "I would not uphold a sentence of capital punishment; I would not approve a minor's request for an abortion; I would not authorize a same sex marriage; I will give jail sentences for violent crimes; I will approve any public school's request for authorization of prayer."

**12. Although my opinion of the judicial canons cannot legally bind either the Judicial Conduct Board or the Pennsylvania Supreme Court, it has been my experience that neither the Judicial Conduct Board nor the Supreme Court have disregarded my opinion or construction of the canons in the past nor that they construe Canon 7B(1)(c) in a way other than I do.**

Sworn to and subscribed before me this

25th day of September, 2007.

JOSEPH A. MASSA
CHIEF COUNSEL
JUDICIAL CONDUCT BOARD

NOTARY PUBLIC

NOTARIAL SEAL
PAMELA E TURK
Notary Public
HARRISBURGH CITY, DAUPHIN COUNTY
My Commission Expires Jun 15, 2010